IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CENTURY FOUNDATION,<br><br>1 Whitehall St, 15th Floor,<br>New York, NY 10004<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION,<br><br>400 Maryland Ave, SW<br>Washington, D.C. 20202<br><br>Defendant. | Civil Action No. 18-1120 |

**COMPLAINT**

1. Plaintiff The Century Foundation ("TCF") brings this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. TCF is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. TCF's mission is to foster opportunity, reduce inequality, and promote security at home and abroad. To further its mission, TCF gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public through disseminating documents, reports, analyses, and commentary via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

5. Defendant ED is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ED, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq*. ED has possession, custody, and control of the records that TCF seeks to obtain and which ED is unlawfully failing to disclose.

## STATEMENT OF FACTS

6. Under Title IV of the Higher Education Act of 1965 (as amended), 20 U.S.C. §§ 1070 *et seq*. ("HEA"), and its implementing regulations, institutions of higher education that wish to offer federal student aid programs must meet specific eligibility requirements and comply with program rules. One of those rules includes a prohibition on making "substantial misrepresentations." *See* 34 C.F.R. § 668.71(b) ("Substantial misrepresentations are prohibited in all forms, including those made in any advertising, promotional materials, or in the marketing or sale of courses or programs of instruction offered by the institution.").

7. The Department has defined a misrepresentation as "[a]ny false, erroneous or misleading statement an eligible institution, one of its representatives, or any ineligible

institution, organization, or person with whom the eligible institution has an agreement to provide educational programs, or to provide marketing, advertising, recruiting or admissions services makes directly or indirectly to a student, prospective student or any member of the public, or to an accrediting agency, to a State agency, or to the Secretary." 34 C.F.R. § 668.71(c).

8. The Department has defined a "misleading statement" as including "any statement that has the likelihood or tendency to deceive under the circumstances. A statement is any communication made in writing, visually, orally, or through other means." *Id.*

9. Under the Department's definitions, a "misrepresentation . . . includes the dissemination of a student endorsement or testimonial that a student gives either under duress or because the institution required the student to make such an endorsement or testimonial to participate in a program." *Id.*

10. The Department has defined a "substantial misrepresentation" as "[a]ny misrepresentation on which the person to whom it was made could reasonably be expected to rely, or has reasonably relied, to that person's detriment." *Id.*

11. Within the Department, the School Eligibility Service Group ("SESG") in the Program Compliance office is responsible for conducting program reviews of schools and monitoring their compliance with Title IV rules. *See* Functional Statement for Program Compliance at: https://www2.ed.gov/about/offices/list/om/fs_po/fsa/program.html. *See generally* HEA § 498a(a), 20 U.S.C. § 1099c-1(a).

12. In connection with this oversight, the Secretary of Education issues Final Program Review Determinations and Final Audit Determinations that may make findings regarding

3

institutions' administration of federal student aid programs under Title IV.  *See* 34 C.F.R. Part 668, Subpart H.

13. According to statements made by a representative of the Department during a 2017 "Negotiated Rulemaking" session, between October 1, 2008 through October 31, 2017, the Department issued twenty-nine (29) Final Program Review Determinations that included misrepresentation findings.  Transcript of Session 1 at 138-39, U.S. Dep't of Educ., *Borrower Defenses and Financial Responsibility Negotiated Rulemaking Committee 2017-2018* (Nov. 15, 2017) (hereinafter "Borrower Defense Transcript"), *available at* https://www2.ed.gov/policy/highered/reg/hearulemaking/2017/bdtranscriptnov15.pdf.  According to the same representative, as of November 1, 2017, fifteen (15) program reviews remained open with pending misrepresentation findings.  *Id.*

14. In addition, the Administrative Actions and Appeals Service Group ("AAASG"), a subcomponent of the Enforcement Unit within Federal Student Aid, has the responsibility for developing, initiating, and imposing Emergency Action, Termination, Limitation, Suspension, and Fine actions (collectively, "Enforcement Actions") against institutions.  *See* Functional Statement for FSA/Enforcement at:
https://www2.ed.gov/about/offices/list/om/fs_po/fsa/enforcement.html#ad.

15. The AAASG also has responsibility for participating and consulting "in the development/drafting of school revocations and school recertification denials."  *Id.*

16. According to statements made by a representative of the Department during a 2017 "Negotiated Rulemaking" session, between December 4, 2015 through November 15, 2017, eleven (11) school re-certifications were denied as a result of one or more substantial

misrepresentations.[1]  Borrower Defense Transcript of Session 1 at 138-39.  According to that same representative, the Department also pursued one Fine action against a school for a substantial misrepresentation.  *Id.*

17.     The Secretary of Education has statutory and regulatory authority to take actions—such as suspension or termination of eligibility to participate in Title IV, HEA programs or the imposition of civil penalties—against institutions of higher education that engage in "substantial misrepresentations" regarding the nature of their educational programs, financial charges, or the employability of their graduates.  *See* HEA § 487(c)(3)(A)-(B), 20 U.S.C. § 1094(c)(3)(A)-(B); 34 C.F.R. § 668.71(a).

## SCHOOL ELIGIBILITY SERVICE GROUP FOIA REQUEST

18.     On January 22, 2018, TCF submitted a FOIA request to ED requesting information regarding the SESG's oversight of schools' compliance with Title IV regulations.  A true and correct copy of that request (hereinafter "SESG FOIA") is attached hereto as Exhibit 1.  More specifically, the SESG FOIA sought all documents constituting Final Program Review Determinations and Final Audit Determinations that contain one or more findings that an institution engaged in one or more "substantial misrepresentation[s]."  *Id.*

19.     On January 24, 2018, ED acknowledged its receipt of the SESG FOIA, stated that it had "forwarded" the request "to the primary responsible office(s) for action," and assigned tracking number 18-00887-F to the request.  A true and correct copy of this communication is attached hereto as Exhibit 2.

---

[1]     There was some overlap between the school re-certification denials and the Final Program Review Determinations mentioned *supra*.  Borrower Defense Transcript of Session 1 at 138-39 (noting that five schools received both a re-certification denial and a Final Program Review Determination that contained a misrepresentation finding during the relevant timeframes).

20. On February 15, 2018, the Department granted TCF's request for a waiver of fees associated with the SESG FOIA. A true and correct copy of this communication is attached hereto as Exhibit 3.

21. On February 23, 2018, TCF employee Tariq Habash requested an update from the Department via email about the status of the SESG FOIA, among others. Later that same day, Mr. Habash received a reply email from EDFOIAManager@ed.gov informing him that the search for responsive records to the SESG FOIA had not yet been completed. A true and correct copy of those communications are attached hereto as Exhibit 4.

22. On March 6, 2018, Mr. Habash received a telephone call from the Department requesting clarification on the appropriate timeframe to use while searching for responsive documents to the SESG FOIA's request for Final Program Review Determinations. Mr. Habash provided clarification.

23. On April 4, 2018, TCF employee Tariq Habash requested a second update from the Department via email about the status of the SESG FOIA, among others. Later that same day, Mr. Habash received a reply email from EDFOIAManager@ed.gov informing him that the search for responsive records to the SESG FOIA had not yet been completed. A true and correct copy of those communications are attached hereto as Exhibit 5.

24. As of the filing of this request, TCF has not received a response to the SESG FOIA.

ADMINISTRATIVE ACTION AND APPEALS SERVICE GROUP FOIA REQUEST

25. On January 22, 2018, TCF submitted a FOIA request to ED requesting information regarding the AAASG's Enforcement Actions, school revocations, and school recertification denials that contain one or more statements that an institution engaged in one or

more "substantial misrepresentations." A true and correct copy of that request (hereinafter "AAASG FOIA") is attached hereto as Exhibit 6.

26. On January 24, 2018, ED acknowledged its receipt of the AAASG FOIA, stated that it had "forwarded" the request "to the primary responsible office(s) for action," and assigned tracking number 18-00888-F to the request. A true and correct copy of that communication is attached hereto as Exhibit 7.

27. On February 15, 2018, the Department granted TCF's request for a waiver of fees associated with the AAASG FOIA. A true and correct copy of this communication is attached hereto as Exhibit 8.

28. On February 23, 2018, TCF employee Tariq Habash requested an update from the Department via email about the status of the AAASG FOIA, among others. Later that same day, Mr. Habash received a reply email from EDFOIAManager@ed.gov informing him that the search for responsive records to the AAASG FOIA had not yet been completed. A true and correct copy of those communications has previously been attached as Exhibit 4.

29. On April 4, 2018, TCF employee Tariq Habash requested a second update from the Department via email about the status of the AAASG FOIA, among others. Later that same day, Mr. Habash received a reply email from EDFOIAManager@ed.gov informing him that the search for responsive records to the AAASG FOIA had not yet been completed. A true and correct copy of those communications has previously been attached as Exhibit 5.

30. As of the filing of this request, TCF has not received a response to the AAASG FOIA.

*Exhaustion of Administrative Remedies*

31. As of the date of this Complaint, ED has failed to (a) notify TCF of a final determination regarding the SESG FOIA or the AAASG FOIA (collectively, the "Substantial Misrepresentation FOIAs"), including the scope of any responsive records ED intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

32. Through ED's failure to respond to the Substantial Misrepresentation FOIAs within the time period required by law, TCF has constructively exhausted its administrative remedies and seeks judicial review.

## COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records with respect to the SESG FOIA**

33. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34. Through the SESG FOIA, TCF properly requested records within the possession, custody, and control of ED.

35. ED is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

36. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the SESG FOIA.

37. ED's failure to conduct adequate searches for responsive records violates FOIA.

38. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the SESG FOIA.

## COUNT II
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records with respect to**

the SESG FOIA

39. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40. Through the SESG FOIA, TCF properly requested records within the possession, custody, and control of ED.

41. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

42. ED is wrongfully withholding non-exempt records requested by TCF by failing to produce records responsive to the SESG FOIA.

43. ED's failure to provide all non-exempt responsive records violates FOIA.

44. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the SESG FOIA and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records with respect to the AAASG FOIA**

45. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. Through the AAASG FOIA, TCF properly requested records within the possession, custody, and control of ED.

47. ED is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

48. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the AAASG FOIA.

49. ED's failure to conduct adequate searches for responsive records violates FOIA.

50. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the AAASG FOIA.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records with respect to the AAASG FOIA

51. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

52. Through the AAASG FOIA, TCF properly requested records within the possession, custody, and control of ED.

53. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

54. ED is wrongfully withholding non-exempt records requested by TCF by failing to produce records responsive to the AAASG FOIA.

55. ED's failure to provide all non-exempt responsive records violates FOIA.

56. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the AAASG FOIA and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, TCF respectfully requests the Court to:

(1) Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to TCF's FOIA requests;

(2) Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to TCF's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin ED from continuing to withhold any and all non-exempt records responsive to TCF's FOIA requests;

(4) Award TCF attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant TCF such other relief as the Court deems just and proper.

Respectfully Submitted,

/s *Martha U. Fulford*
Martha U. Fulford (D.C. Bar 1011954)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

*Counsel for The Century Foundation*

Dated:  May 10, 2018